■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to the Real Property Required for the Opening and Extending of West Avenue. FIELD'S BAKING CORPORATION, Appellant.— In a condemnation proceeding, claimant appeals, as limited by its brief, from so much of the sixth amended and supplemental separate and partial final decree of the

Supreme Court, Kings County, dated June 18, 1968, as reflects awards for the bakery building erected upon damage parcel 103S and for the machinery and fixtures used in connection therewith. Decree modified, on the law and the facts, by deducting from the award therein for parcel 103S the sum of $72,264 awarded for machinery and fixtures, and by accordingly reducing all the monetary calculations therein affected by this deduction; and proceeding remitted to Special Term for the purpose of amending said decree in accordance herewith, for a new hearing with respect to the machinery and fixtures, and for such other proceedings as are not inconsistent with the views expressed herein. As so modified, decree affirmed insofar as appealed from, without costs. The only parcel involved in this appeal is 103S. Claimant was awarded $187,270 as and for damages thereto, as follows: land, $45,784; bakery building, $69,222; machinery and fixtures, $72,264. No issue is raised herein with respect to the land award. Accordingly, we are concerned solely with the propriety of the awards for the bakery building and for the machinery and fixtures used in conjunction therewith. The building award was predicated upon findings that the reproduction cost thereof as of the title-vesting date was $173,055, and that it had depreciated to the extent of 60% — yielding a sound value of $69,222. Claimant contends that the 60% depreciation rate arrived at by the Justice at Special Term is too high, and that it is unsupported by the evidence. We disagree. Claimant's expert, Jacks, testified that the building had depreciated to the extent of only 40%; whereas the city's experts, Land and Yocum, testified to depreciation rates of 90% and 68%, respectively. In view of the age of the building and its physical condition, as evidenced by the photographic exhibits, as well as the other evidence adduced upon the trial, Jacks' 40% depreciation rate (which consisted of 25% physical and 15% obsolescence depreciation) was manifestly too low and was properly rejected. In any event, the building award arrived at falls within the range of the conflicting evidence, and we perceive no basis for disturbing it (cf. *Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). In purported compliance with our decision upon the prior appeal herein (see *Matter of City of New York* [*Field's Baking Corp.*], 27 A D 2d 539), the Justice at Special Term arrived at an award for machinery and fixtures as follows: The court found all of the items inventoried by claimant, including those which were removable and those actually removed by claimant after the title-vesting date, to be compensable. (The city having elected not to appeal, that finding is the law of the case.) The court then found the reproduction cost in place of all compensable items (including those which were removable or actually removed) to be $280,100. Relying upon *Matter of City of New York* (*Maxwell*) (15 A D 2d 153, affd. 12 N Y 2d 1086), the court uniformly applied to all of the fixtures and machinery the same 60% depreciation rate that had been applied to the bakery building, and thereby arrived at a sound value in place (i.e., reproduction cost less depreciation) of $112,040 for all of the fixtures and machinery. The court next found the reproduction cost in place of the machines and parts thereof removed by claimant after the title-vesting date to be $99,440. After applying the 60% depreciation rate thereto, the court arrived at a sound value in place of $39,776 for the removed items, which it then deducted from the afore-mentioned $112,040, yielding a net award of $72,264 for the fixtures and machinery. In effect, claimant was allowed nothing for the items removed. In our opinion, the court erred in several respects in arriving at the fixture and machinery award. First, the court arrived at a reproduction cost in place of $280,100 for all items it found to be compensable, notwithstanding the fact that the lowest appraisal therefor was the City's $303,070.50, as compared to claimant's appraisal of $350,100.81. The values arrived at by the court must, ordinarily, fall within the range of the conflicting

evidence. The court is not free to arrive at a value substantially below the lowest value proven, "without some demonstrable and objective basis for its finding" (*George's Bake Shop* v. *State of New York,* 21 A D 2d 423, 424; see, also, *Matter of City of New York [A. & W. Realty Corp.]*, 1 N Y 2d 428, 432–433, *supra*; *Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851). Analysis of the court's decision herein reveals that its reproduction cost was arrived at as a result of a mistake concerning the values to which the experts for the respective parties testified. Second, the court erred in uniformly applying a 60% depreciation rate to all of the items of machinery and fixtures, without regard to the actual age and condition thereof. A substantial portion of the machinery and fixtures was purchased new within five years prior to the title-vesting date; some machinery was rebuilt within that time period. Claimant points out that the average depreciation rate to which the experts for the respective parties testified was 17% for claimant and 24% for the city. The court, nevertheless, applied the 60% depreciation rate uniformly — even to those items which the city conceded had suffered no depreciation at all. On such a record, the uniform application of a 60% depreciation rate is unjustifiable. (*Matter of City of New York (Maxwell)* (15 A D 2d 156, affd. 12 N Y 2d 1086, *supra*) is clearly distinguishable. In that case there was testimony to the effect that the remaining useful life of the machinery was about the same as that of the structures which housed it. More significantly, the depreciation rate finally applied (i.e., 47½%) was within the range of the conflicting evidence (i.e., 35%-50%). Finally, the court awarded claimant nothing for the machines and parts thereof removed after the title-vesting date, contrary to our decision upon the prior appeal herein. For all of the foregoing reasons, the machinery and fixture award must be set aside, and a new one made. In this connection, we note that subsequent to our decision on the prior appeal herein, the new hearing ordered thereby and the entry of the decree here under review, the Court of Appeals decided *Rose* v. *State of New York* (24 N Y 2d 80, 85–90), wherein it was held that for fixtures and machinery or parts thereof capable of being removed, or actually removed, the condemnee is entitled to receive the lesser of (a) the difference between sound value in place and salvage value, or (b) "the actual or contemplated costs of disassembling, trucking and reassembling the item at a new location" (p. 88; but, see n. 3 at p. 88). Inasmuch as any new award will have to be made in conformity with *Rose* (*supra*), a new hearing should be conducted with respect to the machinery and fixtures so that the parties will have an opportunity to develop their proof in accordance with the principles enunciated therein. Christ, P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.